UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

LESTER RAUL CAMARGO
LEGORBURO,

                    Petitioner,

v.                                                        No.  1:26-CV-00086-H

WARDEN, BLUEBONNET
DETENTION CENTER,

                    Respondent.

### <u>ORDER</u>

Petitioner Lester Raul Camargo Legorburo, a self-represented immigrant detainee, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention in the Bluebonnet Detention Center.  Dkt. No. 1.  He did not pay the $5 filing fee or file an application to proceed *in forma pauperis*.  Now, as explained below, the Court finds that the petition must be dismissed for want of prosecution.  Alternatively, the petition is dismissed as moot because Petitioner is no longer detained in the Bluebonnet Detention Center.

When this case was opened, the Clerk mailed Petitioner a copy of the Court's standard notice and instructions for pro se parties.  Dkt. No. 2.  The instructions included, among other things, a warning that Petitioner must promptly notify the Court of any change in his address, and that his failure to do so could result in the dismissal of his case for want of prosecution.  *Id*.

On February 25, 2026, the Court entered an order and notice of deficiency requiring Petitioner to either pay the $5 filing fee or file an application to proceed *in forma pauperis* within 30 days.  Dkt. No. 4.  The Court warned Petitioner that failure to comply could result in the dismissal of this case.  *Id.*

Both the Court's instructions and the February 25 order were mailed to Petitioner at the address he provided in the petition—the Bluebonnet Detention Center.  But the envelopes were returned to the Clerk unopened, marked "Return to Sender" and "Departed 2/25/26."  Dkt.

Nos. 5, 6. To date, Petitioner has not updated his mailing address, which is required. *See* N.D. Tex. Civ. R. 83.13, 83.14.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962).

This case cannot proceed because Petitioner has not cured the filing-fee deficiency, and his current address is unknown. The Court, therefore, finds that Petitioner's petition for writ of habeas corpus should be dismissed without prejudice for want of prosecution and for failure to comply with the Court's orders. Alternatively, because Petitioner is no longer detained in the Bluebonnet Detention Center, it appears that the petition is also subject to dismissal as moot.

So ordered.

The Court will enter judgment accordingly.

If Petitioner remains in custody and still wants to pursue his claims, he may file a motion to reopen this case within 30 days of the date of this order.

Dated April 10, 2026.

James Wesley Hendrix
United States District Judge

2